UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| DAVID FROHWERK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO.: 2:11-CV-200-TLS |
| v. | ) |  |
|  | ) |  |
| CORRECTIONAL MEDICAL SERVICES and THOMAS ALLEN, | ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

David Frohwerk, a prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983. [ECF No. 1.] Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). In determining whether the complaint states a claim, the Court applies the same standard as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. The Court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Negligence, incompetence, or even medical malpractice do not constitute deliberate indifference. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004); *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000).

Here, Frohwerk claims that he was denied medical care between January 31, 2011, and February 25, 2011, while he was housed in the segregation unit at Westville Correctional Facility

("Westville"). (Complaint, ECF No. 1 at 3.) Specifically, he alleges that while in segregation he developed a head cold, which caused him to suffer headaches and nasal congestion. (*Id.*) He alleges that he requested medical attention but did not see a nurse for approximately three weeks, by which time his cold was gone. (*Id.*)

Although Frohwerk's head cold caused him discomfort, not "every ache or pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim[.]" *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997). A cold that goes away on its own after a few weeks does not constitute the type of "serious medical need" giving rise to a constitutional violation. *See id.* (the common cold is not a serious medical need for purposes of the Eighth Amendment); *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996) (the failure to treat "ailments for which many people who are not in prison do not seek medical attention" does not violate the Constitution). Therefore, Frohwerk's claim fails the first prong of the Eighth Amendment analysis.

Even assuming Frohwerk could allege a serious medical need, he has failed to allege facts showing deliberate indifference by any defendant. He appears to be trying to sue the unnamed nurse who ultimately saw him in response to his requests for medical care. However, there is nothing in the complaint from which it can be plausibly inferred that the nurse was the cause of the delay, that she acted with "conscious" and "culpable" intent to cause Frohwerk harm, or that she was even aware of his complaints. *Duane*, 959 F.2d at 677. It is also clear from the Complaint that by the time this nurse saw Frohwerk, he had recovered from the cold and was no longer in need of treatment. (*See* ECF No. 1 at 3.)

3

Frohwerk also names as a defendant Dr. Thomas Allen, a psychologist at the facility, but he is not mentioned anywhere in the narrative portion of Frohwerk's Complaint, nor is there any basis from which it could be plausibly inferred that his duties included treating Frohwerk for a cold. There is also no basis to hold Dr. Allen vicariously liable for another staff member's actions in regards to Frohwerk's medical treatment. *See Burks v. Raemisch,* 555 F.3d 592, 596 (7th Cir. 2009) (stating that under 42 U.S.C. § 1983, "public employees are liable for their own misdeeds but not for anyone else's"). Accordingly, Frohwerk's claim also fails the second prong of the Eighth Amendment analysis.

For the reasons set forth above, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on June 20, 2011.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION